IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Kathy Ho                                                Case No

v.

Oxford Collection Agency, Inc.
d/b/a Oxford Management Services

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692.

2. This Court has jurisdiction. 15 U.S.C. § 1692k, 28 U.S.C. § 1331.

3. Plaintiff is a natural person who resides in Allegheny County, Western District of Pennsylvania.

4. Plaintiff is a consumer within the FDCPA.

5. Plaintiff allegedly incurred a debt within the FDCPA, namely a private student loan.

6. Defendant holds itself out to the public as a collection agency.

7. Defendant is a debt collector within the FDCPA.

8. In May 2008, Kathy agreed with defendant's employee, Mr. Morrow that she would pay $502.00 for May, June, July and $200.00 for August through December 2008.

**SEPTEMBER 11, 2008**

9. On September 11, 2008, Kathy spoke with Melissa, an employee/agent of the defendant.

10. Kathy agreed to pay $2,000 on September 15th and $2,478 on September 30th.

11. Kathy was to contact Melissa within 48 hours if there were any changes regarding the payments.

**SEPTEMBER 13, 2008**

12. On September 13, 2008, Kathy left Melissa a voicemail stating she would not be able to make the payment on the 15th and asked if she could have until the end of the month to work something out.

**SEPTEMBER 15, 2008**

13. On September 15, 2008, Melissa left Kathy a message accusing her of fraud and telling her that the Attorney General had been notified.

**SEPTEMBER 20, 2008**

14. On September 20, 2008, the following message was left on plaintiff's voice mail:

Kathy Ho, uh we need to speak with you in this office. There's (sic) some things that aren't very clear. At this point um the red flag has been raised on your account once again. We are uh drafting the legal paperwork to proceed against you in regard to worthless payments um on clarification on you know dates of payments and and this is at this point ridiculous that we're chasing you to stop you from getting your wages garnished or your income tax garnished. Mam, all I can do is advise you to have your legal representative contact this office 1-800-801-3941 at extension 614 immediately.

**SEPTEMBER 25, 2008**

15. On September 25, 2008, Melissa called and Kathy's fiancé answered. He told Melissa that Kathy wasn't home and asked if he could take a message. Melissa said she was calling from Oxford Management and asked if she was speaking with Kathy's husband. When Kathy's fiancé said no, Melissa said she has a lawsuit against Kathy for student loans and Kathy needed to contact her because she showed that Kathy paid $3,000 and didn't know why Kathy stopped. Melissa then told Kathy's fiancé that this is about garnishing Kathy's wages.

**SEPTEMBER 26, 2008**

16. On September 26, 2008, the defendant attempted without authorization to debit $2,000 from Kathy's account

17. The plaintiff did not have $2,000 in her account and incurred bank charges.

**SEPTEMBER 29, 2008**

18. On September 29, 2008, Kathy called Mr. Morrow only to find out that he was no longer at the extension provided.

19. The operator transferred Kathy to a "supervisor", who did not state her name.

20. Kathy told the supervisor that she was calling about the $200/month payment arrangement she set up with Mr. Morrow  Kathy was told the payment arrangement had been deleted per Kathy's conversation on September 11th. Kathy said she was never advised that her payment arrangement had been deleted.

21. The supervisor then told Kathy that if she didn't pay $2,000, "they" will garnish her wages and Kathy will basically be "working for free."

22. The supervisor accused Kathy of fraud.

23. Kathy told the supervisor she couldn't stay on the phone because she was at work The supervisor responded by telling Kathy that if she hung up, she would immediately file a case against Kathy to garnish her wages and Kathy needed to resolve this matter immediately.

24. The supervisor then told Kathy that she was committing fraud "across state lines" because the money was not in Kathy's account and they were located in Florida.

25. Before Kathy could respond, she was transferred to another "supervisor", Marquita.

26. Kathy had Marquita verify what loans the defendant had on file and advised her that she had a payment arrangement with Mr. Morrow for $200/month until December.

27. Marquita told Kathy that $200.00 wasn't enough and demanded payment of $4,478.

28. Kathy advised Marquita that she couldn't stay on the phone because she was at work. Marquita told Kathy that she had to call back by 2 pm or Marquita would file the lawsuit against her. Kathy said she works until 4:30 pm. Marquita said she would proceed with filing the paperwork.

**OCTOBER 3, 2008**

29. On October 3, 2008, the defendant without authorization attempted to debit $2,000 from Kathy's bank account.

**OCTOBER 9, 2008**

30. On October 9, 2008, the defendant without authorization attempted to debit $2,478 from Kathy's bank account.

**OCTOBER 16, 2008**

31. The following message was left on October 16, 2008:

Kathy Ho, this is Melissa with Oxford Management Services. I'm tired of ah you and your worthless checks across the state line. Do us a favor. Get your legal representation ready. We are proceeding against you as of immediately for another worthless payment of $2,478.00. At this point you have wrote over $6,000.00 in bad checks to our company. If you don't think that's worth legal action mam, I don't know what is. Ah, we have notified the attorney's office, attorney's general office of this. And, that is a punishable third degree felony. Ms. Kathy Ho, um like I said please have the legal representation to prepare to go to court with you.

32. This message is false, deceptive and designed to harass Kathy.

## FIRST COUNT

33. In the collection efforts, defendant violated the FDCPA, *inter alia*, §1692c(b), 1692d, 1692d(1), 1692d(5), 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692f, 1692f(5) and 1692g.

34. As a result of defendant's illegal collection activities, plaintiff suffered actual damages in the form of bank charges, emotional distress, as well as unjustified and abusive invasions of personal privacy.

WHEREFORE, plaintiff respectfully requests this Court to:

A. Award plaintiff such damages as are permitted by law, including actual and statutory damages; and

B. Award the plaintiff costs of suit and a reasonable attorney's fee.

JEFFREY L. SUHER, P.C.

By: /s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. # 74924
4328 Old Wm. Penn Hwy., Ste. 2J
Monroeville, PA 15146
(412) 374-9005
lawfirm@jeffcanhelp

Attorney for Plaintiff

**JURY TRIAL DEMANDED**